EMARD DANOFF PORT TAMULSKI & WALOVICH LLP
Eric Danoff (State Bar #60915)
49 Stevenson Street, Suite 400
San Francisco, CA  94105
Telephone:    415-227-9455
Facsimile:     415-227-4255
E-Mail:         edanoff@edptlaw.com

Attorneys for Plaintiff
China Navigation Co. Pte Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA NAVIGATION CO. PTE LTD.,<br><br>    Plaintiff,<br><br>vs.<br><br>DOLPHIN MARINE FUELS, LLC; O.W. BUNKER FAR EAST (S) PTE LTD.; O.W. BUNKER USA INC.; and ING BANK N.V.,<br><br>    Defendants. | Case No.: 8:15-cv-00859<br><br>**COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF**<br><br>IN ADMIRALTY |

Plaintiff China Navigation Co. Pte Ltd. ("China Navigation") alleges its Complaint against defendants Dolphin Marine Fuels, LLC ("Dolphin"), O.W. Bunker Far East (S) Pte Ltd. ("OW Singapore"), O.W. Bunker USA Inc. ("OW US"), and ING Bank N.V. ("ING") as follows.

1.     (Jurisdiction.)  This Court has admiralty and maritime jurisdiction over this action pursuant to 28 U.S.C. §1333, and this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This action is an interpleader action within the meaning of Rule 22(a)(1) of the Federal Rules of Civil Procedure.  This Court also has jurisdiction pursuant to 28 U.S.C. §1335 in that China Navigation is presented with conflicting claims to the same funds, the amount in dispute exceeds $500, and diversity of citizenship exists between two or more of the Defendants.

2.     Plaintiff China Navigation is and at all material times was a Singapore

- 1 -
COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
Case No. 8:15:cv-00859

EMARD DANOFF PORT TAMULSKI & WALOVICH LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

corporation and the owner of the Singapore flag container ship SHENGKING, IMO number 9614505.

3. Upon information and belief, defendant Dolphin is and at all material times was a Delaware corporation qualified to do business and doing business in California (including Los Angeles, California), and a supplier of bunker fuel to ships.

4. Upon information and belief, defendant OW Singapore is and at all material times was a Singapore corporation doing business in California (including Los Angeles, California), and a supplier of bunker fuel to ships.

5. Upon information and belief, defendant OW US is and at all material times was a Texas corporation with a principal place of business in Houston, Texas.

6. Upon information and belief, defendant ING is and at all material times was a Netherlands organized bank with a principal place of business in Amsterdam, The Netherlands, and a creditor or assignee of OW Singapore and OW US.

7. China Navigation entered into Sales Order No. 197-19184 with OW Singapore whereby OW Singapore agreed to sell and deliver to the SHENGKING in the port of Los Angeles, California on about October 25, 2014, a quantity of 100 metric tons of bunker fuel through its supplier Dolphin.

8. Upon information and belief, OW Singapore contracted or arranged with OW US to provide the bunker fuel, and OW US in turn contracted or arranged with Dolphin to provide the bunker fuel.

9. Pursuant to Sales Order No. 197-19184, on October 26, 2014, Dolphin delivered to the SHENGKING at Los Angeles, California about 100.19 metric tons of bunker fuel.

10. The charge from Dolphin to OW US for providing the bunker fuel was $87,165.30. The charge from OW Singapore to China Navigation for providing the bunker fuel was $90,726.06.

11. China Navigation is ready, willing, and able to pay for the bunker fuel.

12. A dispute has arisen among the Defendants as to which entity is entitled to receive the $87,165.30 (the "Disputed Principal Amount") that Dolphin has billed to OW US.

- 2 -
COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
Case No. 8:15:cv-00859

EMARD DANOFF PORT
TAMULSKI & WALOVICH
LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

1  Dolphin claims that it is entitled to receive the Disputed Principal Amount, and that if China
2  Navigation does not pay that amount to Dolphin, Dolphin will assert a lien or claim against the
3  SHENGKING in that amount and cause the SHENGKING to be arrested to enforce the lien.
4  OW Singapore, OW US, and ING each claims that it is entitled to receive the Disputed Principal
5  Amount, and that if China Navigation does not pay that amount to them, each will sue China
6  Navigation or assert a lien or claim against the SHENGKING in that amount and cause the
7  SHENGKING to be arrested to enforce the lien.  The multiple claims and the diverse locations of
8  Defendants present a threat of multiple litigation and potentially inconsistent judgments or orders
9  as to China Navigation's duty to pay the Disputed Principal Amount.

10        13.     A dispute also has arisen between defendants OW Singapore and ING as to which
11  party is entitled to the $3,560.76 difference (the "Disputed Extra Amount") between the amount
12  Dolphin billed OW US and the amount OW Singapore billed China Navigation for the bunkers.
13  The multiple claims and diverse locations of defendants OW Singapore and ING present a threat
14  of multiple litigation and potentially inconsistent judgments or orders as to China Navigation's
15  duty to pay the Disputed Extra Amount.

16        14.     China Navigation is unable to determine which of the Defendants is entitled to the
17  Disputed Principal Amount or which of the Defendants is entitled to the Disputed Extra Amount,
18  and the Defendants have proved unable to resolve their competing claims.

19        15.     China Navigation will deposit into the registry of the Court the sum of
20  $96,169.62, which is comprised of $87,165.30 for the Disputed Principal Amount, plus
21  $3,560.76 for the Disputed Extra Amount, plus $5,443.56 as interest on the total of the two
22  amounts.

23        WHEREFORE China Navigation prays for relief as follows:

24        1.      That Defendants be required to appear in this Court and assert their claims to the
25  Disputed Principal Amount and the Disputed Extra Amount, and that the Court declare which
26  party, if any, is entitled to receive the Disputed Principal Amount and the Disputed Extra
27  Amount;

28        2.      That having deposited the Disputed Principal Amount and the Disputed Extra

EMARD DANOFF PORT
TAMULSKI & WALOVICH
LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 3 -
COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
Case No. 8:15:cv-00859

Amount into the registry of the Court, plaintiff China Navigation be discharged from liability to pay the Disputed Principal Amount or the Disputed Extra Amount or any portion of either amount to any party, and that China Navigation be dismissed from this action;

3. That Defendants be enjoined from commencing or prosecuting any action against China Navigation or the SHENGKING in any other court or proceeding to collect the Disputed Principal Amount or the Disputed Extra Amount;

4. That China Navigation be awarded return of the interest of $5,443.56 that it has deposited into the registry of the Court;

5. That China Navigation be awarded from the interpleaded funds its attorney fees and costs incurred in this action; and

6. That the Court award such other relief as it may deem proper.

Dated: June 2, 2015             EMARD DANOFF PORT TAMULSKI & WALOVICH LLP


By _____/s/ Eric Danoff_____
         Eric Danoff
Attorneys for Plaintiff
China Navigation Co. Pte Ltd.

EMARD DANOFF PORT TAMULSKI & WALOVICH LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 4 -

COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
Case No. 8:15:cv-00859