EMARD DANOFF PORT TAMULSKI & WALOVICH LLP
Eric Danoff (State Bar #60915)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-227-9455
Facsimile: 415-227-4255
E-Mail: edanoff@edptlaw.com

Attorneys for Plaintiff
China Navigation Co. Pte Ltd.

FLYNN, DELICH & WISE LLP
Erich P. Wise (State Bar #63219)
Melody C. Chang (State Bar #251572)
One World Trade Center, Suite 1800
Long Beach, CA 90831-1800
Telephone: 562-435-2626
Facsimile: 562-437-7555
E-Mail: erichw@fdw-law.com
melodyc@fdw-law.com

Attorneys for Defendant, Counterclaimant, and Cross-Claimant
ING Bank N.V., as Security Agent

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA NAVIGATION CO. PTE LTD.,<br><br>    Plaintiff,<br><br>vs.<br><br>DOLPHIN MARINE FUELS, LLC; O.W. BUNKER FAR EAST (S) PTE LTD.; O.W. BUNKER USA INC.; and ING BANK N.V.,<br><br>    Defendants. | Case No.:  8:15-cv-00859-JLS-DFM<br><br>**JOINT RULE 26(f) REPORT**<br><br>IN ADMIRALTY<br><br>SCHEDULING CONFERENCE:<br><br>Date:     October 16, 2015<br>Time:     1:30 p.m.<br>Judge:    Hon. Josephine L. Staton<br>Crtrm:    10-A (Santa Ana Crthouse) |

     Plaintiff China Navigation Co. Pte Ltd. ("China Navigation") and defendant ING Bank N.V. ("ING") submit this Joint Rule 26(f) Report. ING appears as Security Agent for defendants O.W. Bunker Far East (Singapore) Ltd. ("OW Singapore") and O.W. Bunker USA Inc. ("OW USA"). Defendant Dolphin Marine Fuels, LLC ("Dolphin") has appeared and submitted notice that it has filed

EMARD DANOFF PORT TAMULSKI & WALOVICH LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

1

Joint Rule 26(f) Report

for Chapter 11 bankruptcy protection.  Dolphin asserts that this action is stayed as to it, and it therefore has declined to participate in this Report.  In light of this assertion, ING requests that the court postpone the Scheduling Conference in this matter until such time as Dolphin may present a request to the Court for a determination as to whether the bankruptcy stay applies to these proceedings.  Whether the stay applies or not, the non-participation of Dolphin in the pre-conference meeting of counsel, the Report, or the Conference, hinders the parties' efforts to address the issues and schedule proceedings in this matter because the case necessarily involves Dolphin.  The effect of the stay should be resolved before the parties and court spend their time on the Rule 26(f) Scheduling Conference.

A.   **STATEMENT OF THE CASE**

China Navigation is the owner of the Singapore flag container ship SHENKING.  China Navigation entered into an agreement with OW Singapore for the supply of bunker fuel to the ship.  OW Singapore arranged with OW USA to provide the bunker fuel, and OW USA in turn arranged with Dolphin to provide the bunker fuel.  On October 26, 2014, Dolphin delivered to the SHENKING at Los Angeles, California about 100.19 metric tons of bunker fuel.  The charge from Dolphin to OW USA for providing the bunker fuel was $87,165.30.  The charge from OW Singapore to China Navigation for providing the bunker fuel was $90,726.06. Various OW companies, including OW Singapore and OW USA, thereafter commenced insolvency proceedings around the globe.  ING represents that it is the Security Agent for the insolvent OW Singapore and OW USA companies and is entitled to payment of amounts owed to them.  A dispute arose among the Defendants as to which entity is entitled to receive the $87,165.30 (the "Disputed Principal Amount") that Dolphin has billed to OW US.  Dolphin claimed that it is entitled to receive the Disputed Principal Amount, and Dolphin threatened that if China Navigation does not pay that amount to it, Dolphin will

EMARD DANOFF PORT
TAMULSKI & WALOVICH
LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

2
Joint Rule 26(f) Report

assert a lien or claim against the SHENKING in that amount and cause the SHENKING to be arrested to enforce the lien. ING claims that it (on behalf of OW Singapore and OW USA) is entitled to receive the Disputed Principal Amount. China Navigation understood that a dispute also arose between defendants OW Singapore and ING as to which party is entitled to the $3,560.76 difference (the "Disputed Extra Amount") between the amount Dolphin billed OW USA and the amount OW Singapore billed China Navigation for the bunker fuel. Therefore on June 2, 2015, China Navigation filed this interpleader action and deposited into the registry of the Court the sum of $96,169.62, which is comprised of $87,165.30 for the Disputed Principal Amount, plus $3,560.76 for the Disputed Extra Amount, plus $5,443.56 as interest on the total of the two amounts. On August 28, 2015, Dolphin filed for Chapter 11 bankruptcy protection in the Middle District of Florida.

China Navigation seeks the following rulings: (a) that having deposited the Disputed Principal Amount and the Disputed Extra Amount and interest into the registry of the Court, it is discharged from liability to pay those amounts or any portion of those amounts to any party, or to pay any other amounts for the provision of the bunker fuel; (b) that Defendants be enjoined from commencing or prosecuting any action against China Navigation or the vessel SHENKING in any other court or proceeding to collect the Disputed Principal Amount or the Disputed Extra Amount or interest on them; (c) that China Navigation be dismissed from this action; and (d) that China Navigation be awarded from the interpleaded funds its attorney fees and costs incurred in this action.

ING seeks the following orders and rulings:

1. Prior to any other proceedings in this matter, a determination by this court regarding whether the automatic bankruptcy stay of claims against Dolphin applies, in whole or in part, to any or all of the claims in this matter.

//

EMARD DANOFF PORT
TAMULSKI & WALOVICH
LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

3
Joint Rule 26(f) Report

2. With respect to the competing maritime lien claims:

    a) an order that plaintiff China Navigation is obligated to pay the disputed funds to ING Bank as an assignee of O.W. Singapore;

    b) judgment against Dolphin and the Disputed Funds for the full amount of those funds; and

    c) judgment for its fees and expenses.

3. On its contract claims separate and apart from the competing maritime lien claims:

    a) dismissal of the interpleader claim;

    b) a stay or dismissal in favor of arbitration in London under the arbitration clause in the O.W. Bunker General Terms and Conditions; and

    c) judgment on its breach of contract counterclaim against the plaintiff in the full amount of the unpaid invoice plus interest, delayed payment administration fees, and reasonable attorneys' fees and costs.

**B. LEGAL ISSUES**

Whether this lawsuit is stayed as against Dolphin by its Chapter 11 bankruptcy protection filing. If so, whether this entire action must be stayed during the Chapter 11 proceeding or until the bankruptcy court lifts the stay as to this lawsuit, which includes the issue whether Dolphin is an indispensable party.

**C. DAMAGES**

The amounts presently at issue are the Disputed Principal Amount of $87,165.30, the Disputed Extra Amount of $3,560.76, and interest.

**D. INSURANCE**

Not applicable.

**E. MOTIONS**

China Navigation intends to file a motion to seek the relief it described in the Statement of the Case.

//

EMARD DANOFF PORT TAMULSKI & WALOVICH LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

1  ING intends to file a motion or motions to seek the relief it requests in its
2  Answer and Counterclaim.

### F. MANUAL FOR COMPLEX LITIGATION

Not applicable.

### G. STATUS OF DISCOVERY

No formal discovery has occurred to date.

### H. DISCOVERY PLAN

China Navigation does not intend at this time to undertake any formal discovery.

If it is determined that the stay does not apply to some or all of the claims in this matter, ING intends to seek discovery by written interrogatories, requests for admissions and requests for production of documents from China Navigation and Dolphin, such to be filed within 30 days after the determination is made that the stay does not apply. If necessary after such discovery, ING may also seek to depose the other parties pursuant to Fed. R. Civ. Pro. Rule 30(b)(6).

### I. DISCOVERY CUT-OFF

China Navigation suggests a fact discovery cutoff of January 15, 2016, and an expert discovery cutoff of March 29, 2016. ING submits that the proposed discovery cut-off is premature pending resolution of the issue of the effect of the bankruptcy stay on these proceedings. Accordingly, ING suggests that the discovery cutoff be set for a date five months after the court's determinations on the effect of the stay on the claims in this case.

### J. DISPOSITIVE MOTIONS

China Navigation and ING believe the relief they seek as described in the Statement of the Case can be decided by motion, after the close of discovery.

//
//
//

EMARD DANOFF PORT
TAMULSKI & WALOVICH
LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

5
Joint Rule 26(f) Report

**K. SETTLEMENT**

No formal settlement discussions have taken place. Before filing this action China Navigation urged Dolphin and OW Singapore to agree on which party is entitled to the Disputed Principal Amount.

**L. TRIAL ESTIMATE**

One to two days for a non-jury trial. China Navigation may call one or two witnesses. ING may call one to three witnesses.

**M. TRIAL COUNSEL**

For China Navigation: Eric Danoff and Katharine Essick.

For ING: Erich P. Wise and Melody Chang.

**N. INDEPENDENT EXPERT OR MASTER**

Not applicable.

**O. OTHER ISSUES**

Not applicable.

Dated: October 2, 2015     EMARD DANOFF PORT TAMULSKI & WALOVICH LLP

By     /s/ Eric Danoff
Eric Danoff
Attorneys for Plaintiff
China Navigation Co. Pte Ltd.

Dated: October 2, 2015     FLYNN, DELICH & WISE LLP

By     /s/ Erich P. Wise
Erich P. Wise
Melody C. Chang
Attorneys for ING Bank N.V. as Security Agent

# EXHIBIT A

CASE NAME: CHINA NAVIGATION CO. PTE LTD. V. DOLPHIN MARINE FUELS, LLC, et al.

CASE NO.: 8:15-cv-00859-JLS-DFM

| Matter | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus sixty (60) Days | 12/15/15 | 3 Months After Determination On Stay |
| Fact Discovery Cut-Off | 21 | 01/15/16 | 5 Months After Determination On Stay |
| Last Day to Serve Initial Expert Reports | 19 | 02/02/16 | 15 Days After Discovery Cut-Off |
| Last Day to File Motions (Except *Daubert* and all other Motions in Limine) | 19 | 02/02/16 | 15 Days After Discovery Cutoff |
| Last Day to Serve Rebuttal Expert Reports | 15 | 03/01/16 | 28 Days After Initial Expert Reports |
| Last Day to Conduct Settlement Proceedings | 12 | 03/22/16 | 21 Days After Rebuttal Expert Reports |
| Expert Discovery Cut-Off | 11 | 03/29/16 | 28 Days After Rebuttal Expert Reports |
| Last Day to File *Daubert* Motions | Expert Discovery Cut-Off Date plus seven (7) days | 04/05/16 | 7 Days After Expert Discovery Cut-Off |
| Last Day to File Motions in Limine (excluding *Daubert* Motions) | Final Pre-Trial Conference Date less twenty-eight (28) days | 04/23/16 | 18 Days After *Daubert* Motion Deadline |
| Final Pre-Trial Conference **(Friday at 1:30 p.m.)** | 3 | 05/21/16 | 24 Days Prior To Trial |

| | | | |
|---|---|---|---|
| Last Day to File Proposed Finding of Facts and Conclusions of Law (if court trial) | 1 | 06/07/16 | One Week Prior To Trial |
| Exhibit Conference **(Friday at 3:30 p.m.)** | Friday before trial | 06/11/16 | Friday Before Trial |
| Trial: Jury or Court **(Tuesday at 9:00 a.m.)** | | 06/14/16 | 7 Months After Fact Discovery Cut-off |

EMARD DANOFF PORT
TAMULSKI & WALOVICH
LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

8

Joint Rule 26(f) Report