SEDGWICK LLP
ERIC DANOFF (State Bar # 60915)
*eric.danoff@sedgwicklaw.com*
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone:  415.781.7900          Facsimile: 415.781.2635

Attorneys for Plaintiff
China Navigation Co. Pte Ltd.

FLYNN, DELICH & WISE LLP
Erich P. Wise (State Bar # 63219)
erichw@fdw-law.com
Alisa Manasantivongs (State Bar #260227)
alisam@fdw-law.com
One World Trade Center, Suite 1800
Long Beach, CA 90831-1800
Telephone:  562.435.2626       Facsimile:  562.437.7555

Attorneys for Defendant, Counterclaimant, and Cross-Claimant
ING Bank N.V., as Security Agent

SIMMS SHOWERS LLP
J Stephen Simms (Admitted Pro Hac Vice)
jssimms@simmsshowers.com
201 International Circle Suite 250
Hunt Valley, MD 21030
Telephone:  410.783.5795       Facsimile:  410.510.1789

Attorneys for Defendant
Dolphin Marine Fuels, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CHINA NAVIGATION CO. PTE LTD.,<br><br>           PLAINTIFF,<br><br>     v.<br><br>DOLPHIN MARINE FUELS, LLC; O.W. BUNKER FAR EAST (S) PTE LTD.; O.W. BUNKER USA INC.; AND ING BANK N.V.,<br><br>           DEFENDANTS. | Case No. 8:15-cv-00859 JLS (DFMx)<br><br>**SECOND AMENDED JOINT RULE 26(f) REPORT**<br><br>IN ADMIRALTY<br><br>SCHEDULING CONFERENCE:<br><br>Date:     May 20, 2016<br>Time:    1:30 p.m.<br>Judge:   Hon. Josephine L. Staton<br>Crtrm:   10-A (Santa Ana Crthouse) |

Plaintiff China Navigation Co. Pte Ltd. ("China Navigation"), defendant Dolphin Marine Fuels, LLC ("Dolphin"), and defendant ING Bank N.V. ("ING") submit this Joint Rule 26(f) Report. ING appears as Security Agent, and assignee of all right, title and interest in respect of the receivables of O.W. Bunker Far East (Singapore) Ltd. ("OW Singapore"). Dolphin has appeared and previously submitted notice that it had filed for Chapter 11 bankruptcy protection. Counsel for Dolphin now advises that the Dolphin bankruptcy has proceeded to conclusion and the automatic stay is no longer in effect.

## A.   STATEMENT OF THE CASE

China Navigation is the owner of the Singapore flag container ship SHENGKING. China Navigation entered into an agreement with OW Singapore for the supply of bunker fuel to the ship. OW Singapore subcontracted with OW USA to provide the bunker fuel, and OW USA in turn subcontracted with Dolphin to provide the bunker fuel. On October 26, 2014, Dolphin delivered to the SHENGKING at Los Angeles, California about 100.19 metric tons of bunker fuel. The charge from Dolphin to OW USA for providing the bunker fuel was $87,165.30. The charge from OW Singapore to China Navigation for providing the bunker fuel was $90,726.06. Various OW companies, including OW Singapore and OW USA, thereafter commenced insolvency proceedings around the globe. ING's claim arises as Security Agent under that certain USD 700,000,000 Multicurrency Revolving Borrowing Base Facilities Agreement (the "Credit Agreement"), dated as of December 19, 2013 and the related English Omnibus Security Agreement (the "Security Agreement"), dated as of December 19, 2013, each between ING and O.W. Bunker & Trading A/S and certain of its affiliates, including OW Singapore, and as assignee of all rights in respect of receivables owed to OW Singapore, including maritime lien rights. A dispute arose among the Defendants as to which entity is entitled to receive the $87,165.30 (the "Disputed Principal Amount") that Dolphin has billed to OW US. Dolphin

claimed that it is entitled to receive the Disputed Principal Amount, and Dolphin threatened that if China Navigation does not pay that amount to it, Dolphin will assert a lien or claim against the SHENGKING in that amount and cause the SHENGKING to be arrested to enforce the lien.  ING claims that Dolphin has no lien and that any claim against OW USA upon the Disputed Principal Amount must be made in OW USA's bankruptcy, and that it (as assignee of OW Singapore) is entitled to receive the amount charged to China Navigation in respect of their agreement with OW Singapore to arrange for the supply of the fuel (i.e., $90,726.06), plus all applicable interest, attorneys' fees and delayed payment administration fees under the applicable terms and conditions of sale.  China Navigation states that it understood that a dispute arose between defendants OW Singapore and ING as to which party is entitled to the $3,560.76 difference (the "Disputed Extra Amount") between the amount Dolphin billed OW USA and the amount OW Singapore billed China Navigation for the bunker fuel.[1]  Therefore on June 2, 2015, China Navigation filed this interpleader action and deposited into the registry of the Court the sum of $96,169.62, which is comprised of $87,165.30 for the Disputed Principal Amount, plus $3,560.76 for the Disputed Extra Amount, plus $5,443.56 as interest on the total of the two amounts.  On August 28, 2015, Dolphin filed for Chapter 11 bankruptcy protection in the Middle District of Florida.

       China Navigation seeks the following rulings: (a) that having deposited the Disputed Principal Amount and the Disputed Extra Amount and interest into the registry of the Court, it is discharged from liability to pay those amounts or any portion of those amounts to any party, or to pay any other amounts for the

---

[1] ING Bank states that the Disputed Principal Amount and the Disputed Extra Amount, in fact, are separate payables and receivables in respect of transactions between (1) Dolphin and O.W. USA (for which Dolphin's remedy lay in O.W. USA's Chapter 11 bankruptcy proceeding), and (2) China Navigation and OW Singapore (for which ING Bank holds rights as assignee under the Finance Documents).

provision of the bunker fuel; (b) that Defendants be enjoined from commencing or prosecuting any action against China Navigation or the vessel SHENGKING in any other court or proceeding to collect the Disputed Principal Amount, the Disputed Extra Amount, interest on either amount, or any other amounts relating to the provision of the bunker fuel; (c) that China Navigation be dismissed from this action; and (d) that China Navigation be awarded from the interpleaded funds its attorneys' fees and costs incurred in this action.

ING seeks the following orders and rulings:

1. With respect to the competing maritime lien claims:

   a) an order that plaintiff China Navigation is obligated to pay the disputed funds to ING Bank as an assignee of O.W. Singapore;

   b) judgment against Dolphin and the Disputed Funds for the full amount of those funds; and

   c) judgment for its fees and expenses.

2. On its contract claims separate and apart from the competing maritime lien claims:

   a) dismissal of the interpleader claim;

   b) a stay or dismissal in favor of arbitration in London under the arbitration clause in the O.W. Bunker General Terms and Conditions; and

   c) judgment on its breach of contract counterclaim against the plaintiff in the full amount of the unpaid invoice plus interest, delayed payment administration fees, and reasonable attorneys' fees and costs.

Dolphin intends to seek orders and rulings consistent with the relief it requests in its responsive pleadings, Paragraph E *supra*.

**B. LEGAL ISSUES**

The issues are: 1) whether OW Singapore and/or OW USA is entitled to recover the amounts due for the delivery of bunkers to the SHENGKING and, if so, whether ING Bank can recover the amounts due from the funds paid into court

by China Navigation; and 2) whether Dolphin has a maritime lien claim against the SHENGKING and, if so, whether Dolphin can recover from the funds paid into Court. ING is aware of at least three summary judgment decisions which support its contention that ING Bank/OWB would hold a maritime lien and physical suppliers, such as Dolphin, would not.  *See e.g., O'Rourke Marine Servs. L.P., L.L.P. v. M/V Cosco Haifa*, No. 15-cv-2922 (SAS), 2016 U.S. Dist. LEXIS 48276 (S.D.N.Y. April 8, 2016).

**C.   DAMAGES**

The amounts presently at issue are the Disputed Principal Amount of $87,165.30, the Disputed Extra Amount of $3,560.76, and interest.

**D.   INSURANCE**

Not applicable.

**E.   MOTIONS**

China Navigation intends to file a motion to seek the relief it described in the Statement of the Case.

ING intends to file a motion or motions to seek the relief it requests in its Answer and Counterclaim.

Dolphin intends to file (a) an Answer and Counterclaim to China Navigation's Complaint for Interpleader, (b) an Answer and Crossclaim to ING's crossclaim against Dolphin, and (c) a motion or motions to seek the relief it requests in its Answers, Counterclaim, and Crossclaim.

**F.   MANUAL FOR COMPLEX LITIGATION**

Not applicable.

**G.   STATUS OF DISCOVERY**

No formal discovery has occurred to date.

**H.   DISCOVERY PLAN**

China Navigation does not intend at this time to undertake any formal discovery.

ING intends to seek discovery by written interrogatories, requests for admissions and requests for production of documents from China Navigation and Dolphin, such to be filed within 30 days form the Rule 26(f) conference. If necessary after such discovery, ING may also seek to depose the other parties pursuant to Fed. R. Civ. Pro. Rule 30(b)(6). Specifically, ING intends to take the deposition of a representative of China Navigation or the appropriate owner of the SHENGKING with respect to the identity of the party or parties from which the vessel or its owner ordered the bunkers at issue in this case. ING is prepared to take this deposition by videolink if necessary and convenient in the event that the appropriate witness resides outside of this district or the United States. China Navigation reserves its rights to object to these discovery requests.

Dolphin intends to seek discovery by written interrogatories, requests for admissions and requests for production of documents from China Navigation and ING, such to be filed within 30 days from the Rule 26(f) conference. If necessary after such discovery, Dolphin may also seek to depose the other parties pursuant to Rule 30(b)(6). Dolphin is prepared to take any depositions by videolink if necessary and convenient in the event that the appropriate witness(es) reside(s) outside of this district or the United States. China Navigation reserves its rights to object to these discovery requests.

**I.   DISCOVERY CUT-OFF**

The parties request a discovery cut-off date of five months from the date of Rule 26(f) conference.

**J.   DISPOSITIVE MOTIONS**

The parties believe the relief they seek as described in the Statement of the Case can be decided by motion, after the close of discovery.

**K.   SETTLEMENT**

No formal settlement discussions have taken place. Before filing this action, China Navigation urged Dolphin and OW Singapore to agree on which party is

entitled to the Disputed Principal Amount. After the conclusion of the Dolphin bankruptcy matter and vacation of the stay, the parties engaged in informal discussions but were unable to resolve the case. Dolphin believes that a settlement conference before a U.S. Magistrate Judge, after the close of discovery, may be helpful.

**L.   TRIAL ESTIMATE**

One to two days for a non-jury trial. China Navigation may call one or two witnesses. ING and Dolphin may each call one to three witnesses.

**M.   TRIAL COUNSEL**

| | |
|---|---|
| For China Navigation: | Eric Danoff and Katharine Essick |
| For ING: | Erich P. Wise and Alisa Manasantivongs |
| For Dolphin: | J. Stephen Simms and Gary Clouse |

**N.   INDEPENDENT EXPERT OR MASTER**

Not applicable.

**O.   OTHER ISSUES**

The parties request that the Court permit counsel to appear by telephone for the Scheduling Conference. Counsel for Dolphin offers its conference line for this purpose.

Dated: May 6, 2016                SEDGWICK LLP


                                  By:    /s/ Eric Danoff
                                         Eric Danoff
                                         Attorneys for Plaintiff
                                         China Navigation Co. Pte Ltd.

1  Dated: May 6, 2016            FLYNN, DELICH & WISE LLP

                                By:      /s/ Erich P. Wise
                                    Erich P. Wise
                                    Attorneys for Defendant, Conterclaimant,
                                    and Cross-Claimant ING Bank N.V., as
                                    Security Agent

Dated: May 6, 2016               SIMMS SHOWERS LLP

                                By:      /s/ J. Stephen Simms
                                    J. Stephen Simms
                                    Attorneys for Defendant Dolphin Marine
                                    Fuels, LLC

83152597v1                          -8-                Case No. 8:15-cv-00859 JLS (DFMx)
                    SECOND AMENDED JOINT RULE 26(f) REPORT

**EXHIBIT A**

CASE NAME: CHINA NAVIGATION CO. PTE LTD. V. DOLPHIN MARINE FUELS, LLC, et al.

CASE NO.: 8:15-cv-00859-JLS-DFM

| Matter | Weeks Before Trial | All Parties Request |
|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus sixty (60) Days | July 1, 2016 |
| Fact Discovery Cut-Off | 21 | September 30, 2016 |
| Last Day to Serve Initial Expert Reports | 19 | October 14, 2016 |
| Last Day to File Motions (Except *Daubert* and all other Motions in Limine) | 19 | October 14, 2016 |
| Last Day to Serve Rebuttal Expert Reports | 15 | November 15, 2016 |
| Last Day to Conduct Settlement Proceedings | 12 | December 6, 2016 |
| Expert Discovery Cut-Off | 11 | December 13, 2016 |
| Last Day to File *Daubert* Motions | Expert Discovery Cut-Off Date plus seven (7) days | December 20, 2016 |
| Last Day to File Motions in Limine (excluding *Daubert* Motions) | Final Pre-Trial Conference Date less twenty-eight (28) days | February 3, 2017 |
| Final Pre-Trial Conference **(Friday at 1:30 p.m.)** | 3 | March 23, 2017 |

| Last Day to File Proposed Finding of Facts and Conclusions of Law (if court trial) | 1 | April 11, 2017 |
|---|---|---|
| Exhibit Conference **(Friday at 3:30 p.m.)** | Friday Before Trial | April 14, 2017 |
| Trial: Jury or Court **(Tuesday at 9:00 a.m.)** | | April 17, 2017 |