Erich P. Wise (State Bar No. 63219)
erichw@fdw-law.com
Alisa Manasantivongs
alisam@fdw-law.com
FLYNN, DELICH & WISE LLP
One World Trade Center, Suite 1800
Long Beach, CA 90831-1800
Telephone:  (562) 435-2626
Facsimile:   (562) 437-7555

Attorneys for Defendant, Counterclaimant, and Cross-Claimant
ING BANK N.V., as Security Agent

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CHINA NAVIGATION CO. PTE LTD., | Case No. 8:15-cv-00859-JLS-DFM |
| Plaintiff, | **STIPULATION EXTENDING DISCOVERY CUT-OFF DATES** |
| vs. | |
| DOLPHIN MARINE FUELS, LLC; O.W. BUNKER FAR EAST (S) PTE LTD.; O.W. BUNKER USA INC.; and ING BANK N.V., | |
| Defendants. | |
| AND RELATED CROSS-ACTIONS. | |

//

//

//

//

– 1 –

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in this matter, through their counsel of record as follows:

1. By this Court's Scheduling Order dated May 16, 2016, the fact discovery cut-off is November 29, 2016, the expert discovery cut-off is February 3, 2017, and the last date for filing of dispositive motions is December 9, 2016.

2. On November 1, 2016, Defendant ING Bank N.V., as Security Agent ("ING"), served by mail notices of depositions of Plaintiff China Navigation Co. PTE ("China Navigation") and Defendant Dolphin Marine Fuels LLC (or its successor-in-interest) ("Dolphin") pursuant to Fed. R. Civ. P. 30(b)(6) and identified a number of topics for deposition that pertained to the substantive issues in this case. China Navigation objected to its corporate deposition on various grounds including the reasonableness of the timing of the notice, the distance required for attendance (from Singapore) and the lack of any need for the deposition of the interpleader plaintiff in light of the apparent lack of dispute about the facts of the case. Counsel for Dolphin advised that Dolphin, having completed its bankruptcy proceedings, had no personnel to produce for examination. Neither deposition proceeded on the noticed dates.

3. On October 21, 2016, ING served on China Navigation and Dolphin a request for production of documents regarding the underlying bunker sale and delivery that form the basis for this case. China Navigation has represented that it has produced all of the documents in its possession regarding the underlying bunker sale and delivery that form the basis for this case. Dolphin has not yet responded to ING's request.

4. Both China Navigation and Dolphin contend that the relevant facts are not in dispute and that the parties should be able to agree on the undisputed facts as a basis for a motion or cross-motions for summary judgment by defendants ING and Dolphin without the need for further discovery. ING is willing to meet and confer

with China Navigation and Dolphin to discuss a proposed statement of undisputed facts.

5. The parties are prepared to meet and confer and exchange proposed statements of fact in contemplation of cross motions for summary judgment. ING contends that, in the event the parties are not able to agree upon a statement of undisputed facts, the corporate depositions of China Navigation and Dolphin Marine and production of documents by Dolphin Marine may be necessary to resolve any disputed issues of fact.

6. Accordingly, the parties stipulate and agree to an order and request an order from the court that extends the discovery cut-off date from November 29, 2016, to January 15, 2017, solely with respect to the corporate depositions of China Navigation and Dolphin previously noticed by ING, and for the response by Dolphin to the written discovery previously propounded by ING while the parties discuss an agreed statement of undisputed facts. The parties further stipulate and agree to an order and request an order from the court that extends the deadline for filing of motions for summary judgment from December 9, 2016, to January 31, 2017. At this time, the parties do not contemplate the designation of any experts or the need for any expert discovery in this case. By this stipulation and agreement, no party waives any objections it may have to the corporate depositions or the requests for production served by ING.

7. The extension of these deadlines is not requested for purposes of delay and will not delay the trial or resolution of this case or its preparation for trial, if necessary. Rather, it is entered into in order that the parties may seek to reach agreement on the relevant facts without the need for discovery and will allow the parties to try to resolve the case in a timely and efficient manner by cross motions for summary judgment. The parties note that the date for discovery cut-off is still within

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

the time that would otherwise be allowed for discovery of experts in this case in which no expert discovery is contemplated by the parties.

**IT IS SO STIPULATED AND AGREED.**

Dated: November 29, 2016         FLYNN, DELICH & WISE LLP

                                 By: /s/ Erich P. Wise
                                     Erich P. Wise
                                     Alisa Manasantivongs
                                     Attorneys for Defendant, Counterclaimant,
                                     and Cross-Claimant
                                     ING BANK N.V., as Security Agent

Dated: November 29, 2016         SEDGWICK LLP

                                 By: /s/ Eric Danoff
                                     Eric Danoff
                                     Attorneys for Plaintiff
                                     CHINA NAVIGATION CO. PTE LTD.

Dated: November 29, 2016         SIMMS SHOWERS LLP

                                 By: /s/ J. Stephen Simms
                                     J. Stephen Simms
                                     Attorneys for Defendant
                                     DOLPHIN MARINE FUELS, LLC