Erich P. Wise (State Bar No. 63219)
erichw@fdw-law.com
Alisa Manasantivongs (State Bar No. 260227)
alisam@fdw-law.com
FLYNN, DELICH & WISE LLP
One World Trade Center, Suite 1800
Long Beach, CA 90831-1800
Telephone:   (562) 435-2626
Facsimile:    (562) 437-7555

Attorneys for Defendant, Counterclaimant, and Cross-Claimant
ING BANK N.V., as Security Agent

**FLYNN, DELICH & WISE LLP**
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CHINA NAVIGATION CO. PTE LTD., <br><br> Plaintiff, <br><br> vs. <br><br> DOLPHIN MARINE FUELS, LLC; O.W. BUNKER FAR EAST (S) PTE LTD.; O.W. BUNKER USA INC.; and ING BANK N.V., <br><br> Defendants. <br><br>———————————————— <br><br> AND RELATED CROSS-ACTIONS. <br>———————————————— | Case No. 8:15-cv-00859-JLS-DFM <br><br> **PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF ING BANK N.V.** <br><br> Date:        January 27, 2017 <br> Time:        2:30 p.m. <br> Crtrm:       10-A <br> Judge:   Hon. Josephine L. Staton |

**TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

Defendant, Counterclaimant, and Cross-Claimant ING Bank N.V. ("ING") hereby submits the following Proposed Statement of Uncontroverted Facts and

– 1 –

Conclusions of Law.  These include every essential element to entitle ING to judgment as a matter of law.

| | ING'S MATERIAL FACT | SUPPORTING EVIDENCE[1] |
|---|---|---|
| 1 | In October 2014, China Navigation Co. Pte. Ltd. ("China Navigation"), the owner of the SHENGKING (the "Vessel"), entered into a contract with O.W. Bunker Far East (S) PTE Ltd. ("O.W. Far East") for the supply of bunkers to the Vessel at the Port of Los Angeles. | Doc. 1 (Complaint) ¶ 2; Maloney Ex. 1 (e-mail from China Navigation to O.W. Far East attaching bunker request); Maloney Ex. 2 (e-mail from O.W. Far East to China Navigation confirming receipt of order); Mortensen Ex. 1 (interim sales order confirmation issued by O.W. Far East to China Navigation); Mortensen Ex. 2 (final sales order confirmation from O.W. Far East). |
| 2 | The O.W. Far East sales order confirmation was governed by the O.W. Bunker Group Terms and Conditions of sale for Marine Bunkers (Edition 2013) (the "O.W. Terms and Conditions"), listed O.W. Far East as the Seller, and was on the account of "MASTER AND/OR OWNER AND/OR CHARTERERS AND/OR MV SHENGKING AND/OR CHINA NAVIGATION CO PTE LTD." | Mortensen Exs. 1 and 2 (interim and final sales order confirmations). |

[1] "Maloney Ex. __" refers to the exhibits to the Declaration of Brian P. Maloney, dated December 9, 2016.  "Mortensen Ex. __" refers to the exhibits to the Declaration of Claus Erik Mortensen, dated December 8, 2016.  "Cartwright Ex. __" refers to the exhibits to the Declaration of John Bruce Cartwright, dated December 9, 2016.

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

| 3 | O.W. Far East carried out its obligation to furnish necessaries to the Vessel by subcontracting with O.W. Bunker USA, Inc. ("O.W. USA") to purchase and deliver the fuel. | Mortensen Ex. 4 (interim purchase order confirmation issued by O.W. Far East to O.W. USA); Mortensen Ex. 5 (final purchase order confirmation issued by O.W. Far East to O.W. USA); Mortensen Ex. 6 (sales order confirmation issued by O.W. USA to O.W. Far East); Mortensen Ex. 9 (invoice from O.W. USA to O.W. Far East). |
|---|---|---|
| 4 | O.W. USA, in turn, subcontracted with local physical supplier Dolphin Marine Fuels, LLC ("Dolphin") for the purchase and delivery of bunkers to the Vessel. | Mortensen Ex. 7 (O.W. USA purchase order confirmation to Dolphin); Mortensen Ex. 10 (invoice from Dolphin to O.W. USA). |
| 5 | The record confirms there were three separate, bilateral contracts underlying the fuel delivery to the Vessel, between different Buyers and Sellers, under different terms and conditions, and at different prices. | Mortensen Ex. 2; Mortensen Ex. 8; Mortensen Ex. 9; Mortensen Ex. 10. |
| 6 | The bunkers that China Navigation ordered from O.W. Far East were delivered to the Vessel in the Port of Los Angeles on October 26, 2014. | Mortensen Ex. 11 (bunker delivery receipt). |
| 7 | The invoice issued by O.W. Far East to China Navigation has not been paid. | Mortensen Ex. 8 (invoice from O.W. Far East to China Navigation); Doc. 1 (Complaint). |

PROPOSED STATEMENT OF UNCONTROVERTED FACTS          CASE NO. 8:15-cv-00859-JLS-DFM
AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION
FORSUMMARY JUDGMENT OF ING BANK N.V.

| 8 | O.W. Bunker & Trading A/S ("O.W. Denmark"), the parent of O.W. Far East and O.W. USA, was one of the world's largest providers of marine fuels. | Maloney Ex. 3 (Pricewaterhouse Coopers press release); Cartwright Ex. 1 (Credit Agreement) at ING 00082 and ING 00256-57 (Part 1 of Schedule 1). |
|---|---|---|
| 9 | O.W. Denmark commenced in-court restructuring proceedings in Denmark in November 2014. | Maloney Ex. 3. |
| 10 | Many other O.W. Bunker entities, including O.W. Far East and O.W. USA, have since entered bankruptcy. | Maloney Ex. 3; Maloney Ex. 10; Maloney Ex. 11; *In re O.W. Bunker Holding North America Inc., et al.*, No. 14-bk-51720 (Bankr. D. Conn.). |
| 11 | Eleven months prior to the O.W. Bunker group's collapse, on December 19, 2013, ING and O.W. Denmark (on behalf of itself and its affiliates) entered into a $700 million revolving credit agreement (the "Credit Agreement"), funded by a syndicate of lenders including ING, to provide the working capital for the global operations of the O.W. Bunker group. | *See* Cartwright Ex. 1 (Credit Agreement); *id.* at Clause 4.1 ("Purpose"); Maloney Ex. 4 (press reports on lending arrangement). |
| 12 | The amount that O.W. Denmark and its subsidiaries could draw down under the Credit Agreement depended on the borrowing base under the credit facility. | Cartwright Decl. ¶ 8. |
| 13 | The borrowing base was calculated based on the amount of receivables owed to members of the O.W. Bunker group at a given time. | Cartwright Decl. ¶ 8; Cartwright Ex. 1 at ING 00087 (defining "Borrowing Base"). |

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

| | | |
|---|---|---|
| 14 | At insolvency, O.W. Denmark and its subsidiaries had borrowed some $647 million. | Cartwright Decl. ¶ 14. |
| 15 | Also on December 19, 2013, ING and O.W. Denmark entered into a security agreement (the "Security Agreement" and, together with the Credit Agreement, the "Finance Documents"), which set out the collateral pledged to ING as Security Agent. | Cartwright Ex. 2. |
| 16 | Under the Security Agreement, each "Receivables Chargor" listed on Schedule 1 (including O.W. Far East) assigned to ING *all* "rights, title and interest in respect of the Supply Receivables" (as defined in the Security Agreement). | Cartwright Ex. 2 at ING 00007, ING 00028. |
| 17 | Paragraph 2.3 of the Security Agreement provides, in relevant part:<br><br>2.3 Supply Receivables and New Supply Receivables:<br><br>(a) Each Receivables Chargor . . . hereby agrees to assign and hereby assigns absolutely, with effect as of the date of this Deed, subject to a proviso for the reassignment on redemption, all of its rights, title and interest in respect of the Supply Receivables. | Cartwright Ex. 2 at ING 00007, ¶ 2.3(a). |

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

– 5 –

PROPOSED STATEMENT OF UNCONTROVERTED FACTS
AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION
FORSUMMARY JUDGMENT OF ING BANK N.V.

CASE NO. 8:15-cv-00859-JLS-DFM

**FLYNN, DELICH & WISE LLP**
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | 18 | Supply Receivables are defined as "any amount owing, or to be owed, to a Receivables Chargor . . . under any Supply Contract" relating to the sale of oil products traded by the O.W. Bunker group and including any invoice issued thereunder. | Cartwright Ex. 2 at ING 00005 (definitions of Supply Receivables and Supply Contract). |
| 7<br>8<br>9 | 19 | O.W. Far East is a Receivables Chargor under the Security Agreement. | Cartwright Ex. 2 at ING 00028 (Schedule 1). |
| 10<br>11<br>12<br>13<br>14<br>15 | 20 | O.W. Far East, as the unpaid contract supplier in this case, has rights in respect of that receivable, both *in personam* against China Navigation and *in rem* against the Vessel, all of which have been assigned to ING. | Cartwright Ex. 2 at ING 00028 (Schedule 1), ING 00007, ¶ 2.3(a); *see also* Declaration of Senior Barrister Antony James Zacaroli QC, dated December 8, 2016. |
| 16<br>17<br>18<br>19<br>20<br>21 | 21 | Following the collapse of the O.W. Bunker group in November 2014, ING appointed receivers to collect on assigned receivables (including those at issue here) in order to repay the financing extended to the O.W. Bunker group in reliance on that collateral. | Cartwright Decl. ¶ 15; Maloney Ex. 3 (PricewaterhouseCoopers press release regarding receivers). |
| 22<br>23<br>24<br>25<br>26<br>27 | 22 | China Navigation brought this interpleader action on June 2, 2015, naming as defendants ING, O.W. Far East, O.W. USA, and Dolphin, and depositing $96,169.62 with the Court as interpleader stake. | Doc. 1; Doc. 9. |

28

PROPOSED STATEMENT OF UNCONTROVERTED FACTS          CASE NO. 8:15-cv-00859-JLS-DFM
AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION
FORSUMMARY JUDGMENT OF ING BANK N.V.

| 23 | On August 7, 2015, ING answered China Navigation's Complaint, and asserted counterclaims and crossclaims against China Navigation, Dolphin, and the Disputed Funds as assignee of O.W. Far East's rights as the unpaid contract supplier. | Doc. 16. |
| 24 | Dolphin has not answered China Navigation's Complaint, and neither Dolphin nor China Navigation has answered ING's crossclaims or counterclaims. | |
| 25 | Neither O.W. Far East nor O.W. USA has appeared in this action. | |
| 26 | On October 21, 2016, ING served discovery requests on both China Navigation and Dolphin. Dolphin did not respond to these requests. | Doc. 36 ¶ 3. |
| 27 | Shortly thereafter, on November 1, 2016, ING served notices of depositions of China Navigation and Dolphin pursuant to Fed. R. Civ. P. 30(b)(6), and identified a number of topics for deposition that pertained to substantive issues in this case. China Navigation objected to its corporate deposition on various grounds; counsel for Dolphin advised that it had no personnel to produce for examination. Neither deposition proceeded on the noticed dates. | Doc. 36 ¶ 2. |

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

PROPOSED STATEMENT OF UNCONTROVERTED FACTS          CASE NO. 8:15-cv-00859-JLS-DFM
AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT OF ING BANK N.V.

**FLYNN, DELICH & WISE LLP**
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

| | | |
|---|---|---|
| 28 | On November 29, 2016, fact discovery closed. | Doc. 33. |
| 29 | The principal invoice amount owed by China Navigation to ING, as assignee of O.W. Far East, is $90,726.06. | Mortensen Ex. 8 (invoice). |
| 30 | The difference between the amount on deposit with the court and the principal amount due under O.W. Far East's invoice to China Navigation ($5,443.56) represents less than two years' of interest accruing at 3.50% per year, which is the current prime rate of interest. | *See Selected Interest Rates (Daily) – H.15*, BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM (retrieved Dec. 8, 2016) *available at* https://www.federalreserve.gov/releases/h15/. |
| 31 | Under Clause I.5 of the O.W. Terms and Conditions, "[a]ny delay in payment of the full sum due shall entitle the Seller [O.W. Far East] to interest at the rate of 3 (three) per cent per month (compounded monthly for each month [or part thereof] of non payment) without prejudice to any rights or remedies available to the seller." | Mortensen Ex. 3 at ING 00607; *see also* Mortensen Ex. 8 (invoice, noting that interest will be charged upon delays in payment). |
| 32 | Clause I.5 further provides for the collection of a delayed payment administration fee and reasonable attorneys' fees incurred in connection with the collection of overdue payments. | *See* Mortensen Ex. 3 at ING 00607. |

– 8 –

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

| | | |
|---|---|---|
| 33 | Specifically, Clause I.5 states that "the Seller is entitled to charge a delayed payment administration fee of USD 1.50 per mton supplied, or the equivalent thereof in local currency, with a minimum administration fee of USD 350.00 for each delivery made. All reasonable attorneys' fees incurred by Seller in connection with the collection of overdue payments shall be for the sole account of the Buyer." | *See* Mortensen Ex. 3 at ING 00607. |
| 34 | The amount on deposit with the Court falls well short of the contractual interest, costs and fees that ING is entitled to seek under the O.W. Terms and Conditions governing O.W. Far East's contract with China Navigation. | Material Fact Nos. 30-33. |

## DEFENDANT, COUNTERCLAIMANT, AND CROSS-CLAIMANT'S CONCLUSIONS OF LAW

1.     The pleadings and evidence submitted by ING show that there is no genuine dispute as to any material fact and ING is entitled to judgment as a matter of law under Rule 56 of the Federal Rules of Civil Procedure.

2.     Under the Commercial Instruments & Maritime Lien Act, a party is entitled to a maritime lien where it (1) provides necessaries; (2) to a vessel; (3) "on the order of the owner or a person authorized by the owner."   *See* 46 U.S.C. § 31342.

3.     O.W. Far East has satisfied all three of CIMLA's requirements, and therefore has a maritime lien that it has assigned to ING.   *See O.W. Bunker Malta*

*Ltd. v. MV Trogir*, 602 F. App'x 673, 676 (9th Cir. 2015); *Lake Charles Stevedores, Inc. v. M/V Professor Vladimir Popov*, 199 F.3d 220, 230 (5th Cir. 1999); *Galehead, Inc. v. M/V Anglia*, 183 F.3d 1242, 1245 (11th Cir. 1999); *Port of Portland v. M/V Paralla*, 892 F.2d 825, 828 (9th Cir. 1989); *see also Barcliff, LLC v. M/V Deep Blue,* No. 14-cv-0590, 2016 U.S. Dist. LEXIS 133253 (S.D. Al. Sept. 28, 2016) (awarding maritime lien assigned to ING in O.W. Bunker-related action);  Order, *NuStar Energy Services, Inc. v. M/V Cosco Auckland, et al.*, No. 14-cv-3648 (S.D. Tex. Dec. 1, 2016) (Doc. 98) (attached as Maloney Ex. 5) (same).

3.     The assignment to ING under the Security Agreement is unambiguous and plainly assigns to ING all of O.W. Far East's rights in respect of its receivables, including contractual and maritime lien rights.

4.     Specifically, by Clause 2.3(a) of the Security Agreement, O.W. Far East (as a Receivables Chargor) assigned absolutely, subject to a proviso for re-assignment on redemption, all of its "rights, title and interest in respect of the Supply Receivables."  It is the broad wording "all rights . . . in respect of" which has the effect of incorporating all rights, such as maritime lien rights, connected with the Supply Receivables.

5.     In the alternative, there can be no question that ING, as assignee of O.W. Far East, is entitled to recover amounts contractually owed by China Navigation for this fuel delivery.

6.     O.W. Far East satisfied its contractual obligations and supplied fuel to the Vessel.  Mortensen Ex. 11 (bunker delivery receipts).  And although O.W. Far East invoiced China Navigation for the delivery, that invoice has not been paid.  *See* Mortensen Ex. 8 (invoice from O.W. Far East to China Navigation); Doc. 1 (Complaint for Interpleader).   ING, as assignee, is accordingly entitled to all amounts due under that invoice.

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

– 10 –

7.    In sum, based on the pleadings and evidence, and considering the contentions of the parties, the Court finds that ING is the only party with a valid claim to the interpleader funds in this proceeding and is entitled to judgment as a matter of law.

8.    ING has moved for the amount on deposit in this interpleader action; and is entitled to judgment in its favor for at least that amount, consisting of the principal invoice amount owed by China Navigation to ING, as assignee of O.W. Far East ($90,726.06) and an award of prejudgment interest ($5,443.56).  The Court finds that such an award would be appropriate and within the Court's broad discretion. *See Rosa v. Ins. Co. of Pennsylvania*, 421 F.2d 390, 393 (9th Cir. 1970).

Dated:  December 9, 2016                    FLYNN, DELICH & WISE, LLP


                                By:    s/ Erich P. Wise
                                       Erich P. Wise
                                       Alisa Manasantivongs
                                       Attorneys for Defendant,
                                       Counterclaimant, and Cross-Claimant
                                       ING BANK N.V., as Security Agent

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

PROPOSED STATEMENT OF UNCONTROVERTED FACTS          CASE NO. 8:15-cv-00859-JLS-DFM
AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION
FORSUMMARY JUDGMENT OF ING BANK N.V.